Giieen, J.
delivered the opinion of the court.
This bill is filed for an account, and to set up a resulting trust in favor of the complainant for the 333 acres of land on which he resides.
The facts from the bill, answer and proof, are shortly as follows: The complainant, John McDaniel, married the daughter of the defendant, Thomas Self, who proposed to give his daughter and son-in-law a tract of land on Gap creek, in Green county, if McDaniel would pay him the sum of $200. The land he said was worth more than he had given his other children, and to make them equal, he required this sum to be paid by McDaniel, and he would then make a title to his daughter and son-in-law for their lives, and the remainder to their children, this being the character of title he had made talus other children.
McDaniel went into possession of the land, paid the two hundred dollars, and occupied it nine years, during which time, he had made improvements upon it, and had made an entry for some vacant land adjoining the tract, and had included the defendant’s tract of land in said entry. Having obtained a grant in his own name, McDaniel contracted to sell the land for $800, and bargained for the purchase of a tract of 333 acres, in Jefferson county, from the Kings’ for $1600. The purchaser of the Gap creek' tract of land refused to complete the purchase unless the defendant would make a title. He was applied to on the subject, and did make a title, receiving from the purchaser into his own hands the purchase money, amounting to $800. The defendant then agreed to take half the land the complainant had purchased of the Kings, and became bound as the complainant’s security for the purchase money to the Kings. The title for the whole tract was made by the Kings to the complainant, and the defen *60 dant paid the $800, receivedforthe Gap creek land to the Kings, and took a deed from the complainant for one-half the land.
Subsequently the complainant contracted a debt of $500 to Moore for corn, and executed a deed of trust on the whole 333 acre tract of land to his sureties for said debt, to indemnify them against liabilities thereon. At this time, the complainant owed this $500 debt to Moore and upwards of $600 to the Kings for the land. The defendant then agreed to take a title to the whole of these lands, and to pay the aforesaid debts, and in pursuance of this agreement, the complainant conveyed the entire tract to the defendant, who has paid the debts aforesaid. The defendant has sold one-half the land so conveyed for $1200; and he has received from the complainant a horse, and some stills and vessels, worth perhaps $150. Upon these facts, this bill is filed, to compel the defendant to reconvey the land, and to account for the value of the property received by him from the .complainant.
1. In the first place, as to the account prayed for, the defendant has pleaded the statute of limitations of three years, which is a bar to any recovery on that account.
2. In relation to the land, it is assumed that the defendant received the title in trust to pay the debts mentioned, and then reconvey to the complainant. The defendant insists that the $800 received for the Gap creek tract of land were paid for, one-half the King tract, to be held by the complainant and his wife, (defendant’s daughter) on the same terms, on which they held said Gap creek tract, — that the complainant is, and has been ever since its purchase, in the possession and enjoyment of said land; and that the defendant has always been willing, and is now willing to convey the same, according to his original promise, and in the way he has made conveyances to his other children.
We are of opinion, that the trusts created by the transac-. *61 tions, in relation to the King tract of land, — give to the complainant no other or higher claim to the one-half thereof, now occupied by him, than that he acquired to the Gap creek tract.
As to the Gap creek tract (to say nothing of the absence of any written agreement) the express stipulation, as proved by all the witnesses, was, that upon the payment of the sum required of the complainant, the defendant was to make a conveyance to the complainant and wife, for life, remainder to their children, and when he made the conveyance to the purchaser of this land, the defendant received the purchase money, and applied it to the payment of one-half of the King tract, — evidently with the purposes and intentions which had governed him in relation to the Gap creek tract.
It is insisted that the money received for the Gap creek tract, belonged to the complainant, and having been paid for this half of the King tract, a trust results in behalf of the complainant for the land so purchased. But there is no ground for this claim of ownership of the money, the land for which it was paid belongs to the defendant, except the small strip that the complainant had entered, and as there was nothing said about the ownership 'of the money, the necessary consequence is, that it belonged to the owners of the land.
It is true, that, as the complainant had paid to the defendant two hundred dollars, and onwed by virtue of his entry a small strip of the land, for which the eight hundred was paid, he was part owner of the money. But he had paid this money upon the express contract that he was to have an estate only for life, and remainder to his children, and he has no right now to claim for this land a higher interest than that which it was agreed he should have when the money was paid for the Gap creek tract. If the wife and children were parties to the bill, there would be some ground for enforcing the trust, but the *62 complainant has no claim to be invested with the title to this land.
As to the half of the King tract that has been sold, there remained less than one hundred dollars after the payment of the debts to Moore and King, which the defendant bound himself to pay. For the surplus after paying those debts, and for the horse, stills, vessels &c., the defendant, so far as we can see, has not accounted, but he has pleaded the statute of limitations as a bar to the account sought, and it is admitted, that the time which has elapsed is sufficient to constitute thp bar.
We think, therefore, that inasmuch as the wife and children of the defendant are not parties, the trust in relation to the land cannot be enforced; and as to the account sought, the complainant’s remedy is barred by time.
Affirm the decree.